UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    No. 03-cr-80244-VAR
                                                    Honorable Victoria A. Roberts

MARCO ANTONIO PAREDES-MACHADO

    Defendant.

**MOTION TO DISMISS INDICTMENT FOR FAILURE TO INCLUDE
OVERT ACT ALLEGATIONS AND TO INDICT PRIOR
TO EXPIRATION OF STATUTE OF LIMITATIONS**

Defendant Marco Antonio Paredes-Machado, through undersigned counsel, STEPHEN G. RALLS, requests that this Court dismiss the Indictment in this matter (the Sixth Superseding Indictment doc# 394) due to the Government's failure to include overt act allegations and to indict prior to the expiration of the statutory limitation period. On April 18, 2017 there was a conference between the attorneys in this matter at which the defense sought the concurrence in this motion pursuant to E.D.Mich. LR 7.1(a) and E.D.Mich. L.Cr.R. 12.1 from William Sauget, counsel for the United States in this matter, and Mr. Sauget stated that he opposes this motion being granted.

I.     **FACTS**

This Court is thoroughly familiar with this case from having handled it for many years. Therefore, only an abbreviated statement of facts is set forth here. This is a case about the importation and distribution of large quantities of marijuana. Defendant Marco Paredes-Machado is presently charged in a two-count indictment (Sixth Superceding Indictment- returned November 9, 2005). Count One alleges a conspiracy to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§841(a)(1) and 846. Count Two alleges a conspiracy to import more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 952(a), 960 and 963.

The Indictment alleges that the conspiracy lasted about 13 years, from "in or about 1991, through on or about February 19, 2004." However, the Indictment does not allege any overt acts as part of that conspiracy. The specific allegations regarding the conspiracy are that Mr. Paredes-Machado and four other individuals conspired to import and distribute Marijuana into Michigan, southern and central California, Nevada, Iowa, New Mexico, Illinois, Arizona, Colorado and Mexico. Mr. Paredes is alleged to have been the main Mexican supplier of marijuana in this matter and an organizer/leader. The government alleges 40 tons of marijuana were involved.

Instead of alleging any overt acts, the Indictment simply alleges, in both counts, the time-period stated above for the entire conspiracy, which is "in or about 1991, through on or about February 19, 2004." No overt act is associated with either the starting date, the ending date, or any other date at all. Nor is any overt act alleged by any specific person.

## II.     LAW

### A.     Necessity of Overt Act Allegations:

In expressing the issue raised herein it is important to note at the outset that the defense is well aware of the fact that drug conspiracy statute (21 U.S.C. § 846) does not require the Government to prove at trial that a conspirator committed an overt act in furtherance of the conspiracy. United States v. Shabani, 513 U.S. 10, 15 (1994). Because it need not be proven to the jury, that same statute (§ 846) creates no requirement that an indictment allege any overt act. Id. at 16.

The critical distinction, however, is that **_although § 846 does not require overt acts to be listed in the indictment, another statute may still require it_**. The Shabani Court analyzed only 21 U.S.C. § 846. It did not analyze an other statutes (such as the Statute of Limitations) that may impose such a requirement by their own force, or by provisions added by case law. On the contrary, Shabani

explicitly distinguished an earlier case, Grunewald v. United States, 353 U.S. 391 (1957), on the grounds that "Grunewald, however, was a statute of limitations case." Shabani, 513 U.S. at 14. In sum, Shabani was about the substantive drug conspiracy statute (§ 846), and nothing else. Thus, where the ***Statute of Limitations*** is at issue, not the substantive application of the ***drug conspiracy statute*** 21 U.S.C. § 846, Shabani does not address the question of whether an indictment must state an overt act. Instead, it is necessary to examine the law governing the Statute of Limitations as well.

### B.  The Statute of Limitations:

The crime of conspiracy carries a five year statute of limitations, as follows:

> (a) In general.--Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

 18 U.S.C. § 3282(a).

The Sixth Circuit has established how, in the case of a conspiracy, the question of when "such offense shall have been committed" is calculated: "[N]ormally, the date of the last ***overt act*** in furtherance of the conspiracy alleged in the indictment begins the clock for purposes of the five-year statute of

limitations." United States v. Grenoble, 413 F.3d 569, 574 (6th Cir. 2005) (emphasis added); United States v. Smith, 197 F.3d 225, 228 (6th Cir. 1999) (citing Brown v. Elliott, 225 U.S. 392, 401 (1912) ( "[T]he period of limitation must be computed from the date of the ***overt act*** rather than the formation of the conspiracy .... [and] must be computed from the date of the last of them of which there is an appropriate allegation and proof.") (emphasis added)).  Thus, to compute the Statute of Limitations for a conspiracy, one must determine the date of the last overt act.  The indictment in this case states no overt act.

### III. THE INDICTMENT RUNS AFOUL OF THE STATUTE OF LIMITATIONS BY FAILING TO STATE ANY OVERT ACT FROM WHICH THE LIMITATIONS PERIOD CAN BE CALCULATED.

As set forth above, the Statute of Limitations prohibits a person being "prosecuted, tried, or punished" for offenses committed before the limitations period.  The present motion refers to the first of these actions – *i.e.* Mr. Paredes-Machado being ***prosecuted*** for an offense that occurred outside of the limitations period.

Some cases have analyzed statute-of-limitation issues in the context of drug conspiracies as a jury question.  E.g. United States v. Brown, 332 F.3d 363, 372-74 (6th Cir. 2003).  In such cases, however, the issue was not whether the

case should have been prosecuted, but instead, whether the government had presented sufficient evidence at trial for that jury to have found that the conspiracy continued on into the period not barred by the Statute of Limitations.  See e.g. Brown, 332 F.3d at 374 ("The crucial question is whether a rational jury could have found that the overt acts undertaken by Defendants co-conspirators during the statute of limitations period were in furtherance of the general conspiratorial agreement entered into by Defendants").

Here, in contrast, the question that is being raised is different because it is being raised before trial, and refers to that part of the statute that prohibits ***prosecution*** of an offense before the limitations period expired.  It is, therefore, not a jury question, but one that must be analyzed under the rubric of Statute of Limitations case law.

The procedure applicable here can be seen from Smith.  In Smith the Sixth Circuit made the calculations entirely based on what was alleged in the indictment.  In Smith there was an initial indictment, which contained a wire-fraud Conspiracy count (Count One), followed by four substantive counts of wire fraud (Counts 2, 3, 4 and 5).  Smith 197 F.3d at 227.  The Conspiracy count, Count One, listed beginning and ending dates, and as with the instant case, the ending date was less than five years before the indictment, so it was within the period for which

prosecution was permitted.  However, that count listed several "overt acts," the last of which occurred a little ***more*** than five years before the indictment was issued, and thus fell just outside the prosecutable period by a few weeks.  The substantive wire fraud counts, Counts Two through Five, however, listed later acts, and the last of those occurred within the five-year period prior to the date of the indictment, and thus could be prosecuted under the Statute of Limitations.

      The defense moved to dismiss the Conspiracy count as violating the Statute of Limitations, but the District Court denied the motion.  The Government subsequently filed an amended indictment listing in Count 1 the later activities that were alleged in the substantive counts of the first indictment (Counts Two through Five) as "overt acts" of the conspiracy count.  Id.  The District Court then rejected a new defense Statute-of-Limitations challenge to the second indictment on the grounds that the second indictment cured the Statute of Limitations problem by stating overt acts within the prosecutable period, and that inclusion of those dates related back to the date of the first indictment because the second indictment did not broaden the original charges.

      The Sixth Circuit affirmed that reasoning.  It noted that "the period of limitation must be computed from the date of the overt act rather than the formation of the conspiracy .... [and] must be computed from the date of the last of

them of which there is an appropriate allegation and proof.")" Id. 197 F.3d at 228. The Court reasoned, however, that in Smith the defendants had adequate notice of the last overt act because that act had been set forth in the substantive wire-fraud counts of the initial indictment. It further found that any statute-of-limitation problem was also overcome by the fact that the superseding indictment added to the list of overt acts in the Conspiracy count the later acts that had previously been listed only in the substantive wire-fraud counts, and the date of the superseding indictment related back to the date of the original indictment because it did not broaden the charges therein. Id.

    The instant case, in contrast, does not meet this standard because there are no overt acts at all listed in the indictment. There are simply two conspiracy charges with the same date range, but no allegation whatsoever of overt acts. Nor are there any substantive counts listing specific acts. Likewise, there is no supervening indictment curing the problem. Thus, there is no date here from which the Statue of Limitations can be computed. Given the 13-year long period over which the conspiracy is alleged to have existed (1991 through early 2004) it is impossible to tell when the last overt act is alleged to have occurred. It is, however, clear that some if not all of the actions covered took place long before the 5 years preceding the indictment, which was issued on November 9, 2005. It

is simply impossible to tell whether this indictment alleges overt acts within five years of the indictment.  Accordingly, Mr. Paredes-Machado cannot be prosecuted under the present indictment in this matter, which makes it impossible to properly apply the Statute of Limitations.  Therefore the Court should dismiss the indictment as it is presently constituted on the grounds that it is legally insufficient to satisfy the Statute of Limitations.

## V.   REQUEST FOR HEARING

A hearing on this matter is requested.

DATED:   April 26, 2017                         s/ *Stephen Ralls*
                                                Stephen G. Ralls
                                                Attorney for Defendant
                                                314 S. Sixth Ave.
                                                Tucson, AZ 85701
                                                Office: (520) 884-1234
                                                Fax: (520) 884-9687
                                                Email: steve@rallslawoffice.com

## CERTIFICATE OF SERVICE

This is to certify that on April 26, 2017, I served a copy of the attached motion and brief upon William Sauget, United States Attorney, by filing same electronically.

                                                s/ *Stephen Ralls*
                                                Stephen Ralls