UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

              Plaintiff,        Case No. 03-80244
                                    Honorable Victoria A. Roberts
      v.                              Magistrate Judge David R. Grand

MARCO ANTONIO
PAREDES-MACHADO,

              Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR FAILURE
TO INCLUDE OVERT ACT ALLEGATIONS AND TO INDICT PRIOR TO
EXPIRATION OF STATUTE OF LIMITATIONS [784]**

On April 26, 2017, Defendant Marco Antonio Paredes-Machado filed a Motion to Dismiss Indictment for Failure to Include Overt Act Allegations and to Indict Prior to Expiration of Statute of Limitations. (Doc. #784). This motion was referred to the undersigned by the Honorable Victoria A. Roberts pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #788). The Court held oral argument on June 19, 2017.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Paredes-Machado's Motion to Dismiss Indictment for Failure to Include Overt Act Allegations and to Indict Prior to Expiration of Statute of Limitations [**784**] be **DENIED**.

**II.    REPORT**

    **A.    Background**

Paredes-Machado is charged in an indictment with: (1) Count One: conspiracy to

distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a) and 846; and (2) Count Two: conspiracy to import more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 952(a), 960, and 963. (Doc. #394). In the instant motion, he argues that the indictment fails to identify an overt act, which is necessary for computing the statute of limitations for conspiracy. (Doc. #784 at 5). He argues that without an overt act, it is "impossible" to tell whether the allegations are within the five-year statute of limitations period for bringing the indictment. (*Id.* at 9); *see* 18 U.S.C. § 3282(a). As a result, he believes the indictment should be dismissed for being "legally insufficient" to satisfy the statute of limitations for conspiracy. (*Id.*).

In response, the government argues that neither of the drug conspiracy statutes pursuant to which Paredes-Machado is charged in the indictment require alleging or proving overt acts, so "the indictment satisfies the requirements of the statute of limitations if it alleges that the conspiracy continued into the limitations period." (Doc. #796 at 3-5) (internal citations omitted). The government calculates that in this case, the limitations period started on February 19, 2004,[1] and the sixth superseding indictment was returned on November 9, 2005, which is within the limitations period. (*Id.* at 5). Moreover, it quotes a decision by the Honorable Nancy G. Edmunds which held that questions about the scope and duration of the conspiracy are questions of fact that "should be made to the jury, not decided on a motion to dismiss." (*Id.*) (quoting *United States v. Beasley*, No. 12-20030, 2014 WL 1847406, at *1 (E.D. Mich. May 8, 2014)).

In his reply, Paredes-Machado requests that the Court disregard the case law cited by the government and grant his motion based on policy considerations regarding the purpose of a statute of limitations and its protections. (Doc. #802 at 2).

---

[1] The indictment alleges that as to Counts One and Two, the conspiracy took place "from in or about 1991, through on or about February 19, 2004." (Doc. #394 at 1, 4).

2

**B. Analysis**

In a drug conspiracy,[2] "the government must show the willful formation of a conspiracy and the willful membership of the defendant in the conspiracy, but need not prove that [the] defendant committed an overt act in furtherance of the conspiracy." *United States v. Baker*, 380 F. App'x 465, 467 (6th Cir. 2010) (quoting *United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999); citing *United States v. Shabani*, 513 U.S. 10, 17 (1994)). The parties agree that the present state of the law is that drug conspiracy charges in an indictment need not specify particular overt acts. (Doc. #784 at 3) ("[T]he defense is well aware of the fact that drug conspiracy statute (21 U.S.C. § 846) does not require the Government to prove at trial that a conspirator committed an overt act in furtherance of the conspiracy." (citing *Shabani*, 513 U.S. at 15)); (Doc. #796 at 4). The five-year statute of limitations for conspiracy "is satisfied if the government 'alleges and proves that the conspiracy continued into the limitations period.'" *Baker*, 380 F. App'x at 467 (quoting *United States v. Hohn*, 293 F. App'x 395, 397 (6th Cir. 2008)); 18 U.S.C. § 3282. "[A]s long as at least one act in furtherance of the conspiracy was committed within the limitations period, the statute of limitations is not violated." *Baker*, 380 F. App'x at 467 (citing *United States v. Tsang*, 96 F. App'x 318, 322 (6th Cir. 2004); *Grunewald v. United States*, 353 U.S. 391, 397 (1957)). Yet the scope and duration of a conspiracy is a question of fact that "should be made to the jury, not decided on a motion to dismiss." *Beasley*, 2014 WL 1847406, at *1.

As in his brief, during the hearing, Paredes-Machado agreed that for the conspiracy statutes he is alleged to have violated, the indictment is not required to allege or prove an overt

---

[2] The elements of a drug conspiracy are "(1) an agreement to violate the drug laws, and (2) each conspirator's knowledge of, intent to join, and participation in the conspiracy." *United States v. Baker*, 380 F. App'x 465, 467 (6th Cir. 2010) (quoting *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001)).

3

act. He also acknowledged that the instant motion is based on a policy argument and that granting it would change the present state of the law discussed above.

The Court finds no reason to depart from the existing case law, and will therefore deny Paredes-Machado's motion. To the extent that there are questions that go to the scope of the conspiracy or the timing of any withdrawal by Paredes-Machado from the conspiracy, these are questions of fact for the jury. *Beasley*, 2014 WL 1847406, at *1.

## III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Paredes-Machado's Motion to Dismiss Indictment for Failure to Include Overt Act Allegations and to Indict Prior to Expiration of Statute of Limitations [**784**] be **DENIED**.

Dated: June 22, 2017                                                     s/David R. Grand
Ann Arbor, Michigan                                                DAVID R. GRAND
                                                                            United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich.

LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2017.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
