UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                                       Case Nos. 19-cr-20659
                                                                  03-cr-80244

v.                                                     Hon. Matthew F. Leitman

MARCO ANTONIO PAREDES-MACHADO,

    Defendant.
_____/

**<u>ORDER (1) GRANTING DEFENDANT'S MOTIONS TO CONSOLIDATE
COMPASSIONATE RELEASE MOTIONS (ECF Nos. 27, 957) AND
(2) DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE
RELEASE (ECF Nos. 20, 955)</u>**

In 2020, Defendant Marco Antonio Paredes-Machado, who played a leadership and/or managerial role in the Sinaloa Cartel (*see, e.g.*, 19-20659, Rule 11 Plea Agreement, ECF No. 3, PageID.14), pleaded guilty to one count of conspiracy to distribute more than 1000 kilograms of marijuana and one count of conspiracy to distribute 5 kilograms of more of cocaine and 1000 kilograms or more of marijuana for importation into the United States. (*See* Judgments, 19-20659, ECF No. 5, PageID.32; 03-80244, ECF No. 948, PageID.5093.)[1] On February 7, 2020, Paredes-

---

[1] Paredes-Machado was charged and pleaded guilty to the charges described above in two separate cases which have two different case numbers: Case No. 19-20659 and Case No. 03-80244. The judgments referenced above were entered in the two

1

Machado was sentenced to a term of 264 months in custody. (*See* ECF No. 5, PageID.33.) Paredes-Machado and the Government agreed that that sentence – a sentence below the applicable guideline range – was appropriate. (*See* Rule 11 Plea Agreement, ECF No. 3, PageID.16-17.)

Now before the Court is Paredes-Machado's motion for compassionate release under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 20.) For the reasons explained below, the motion is **DENIED**.

# I

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant a reduction in sentence:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . .

---

separate cases. Paredes-Machado has now filed, in both cases, (1) identical motions for compassionate release (19-20659, ECF No. 20; 03-80244, ECF No. 955) and (2) motions to consolidate the compassionate release motions (19-20657, ECF No. 27; 03-80244, ECF No. 957). The motions to consolidate are **GRANTED**. From this point forward, the Court will reference only one "motion" and provide record citations only to the docket in Case No. 19-20657. However, the Court's ruling applies equally to both compassionate release motions.

2

> extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). As the United States Court of Appeals for the Sixth Circuit has explained, the compassionate release statute authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons warrant a reduction," (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the factors set forth in 18 U.S.C. § 3553(a), "to the extent applicable," support a reduction. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit has added that a district court "must deny a defendant's motion [for compassionate release] if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022) (citing *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021)). *See also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

## II

### A

The parties vigorously dispute whether extraordinary and compelling circumstances warrant compassionate release in this case. The Court need not and does not reach that question because even if extraordinary and compelling

circumstances did exist here, Paredes-Machado still would not be entitled to compassionate release because, as explained below, he has failed to show that such release would be consistent with the Section 3553(a) factors.

## B

There is a presumption that the district court's "initial balancing of the [Section] 3553(a) factors during [Paredes-Machado's] sentencing remains an accurate assessment as to whether those factors justify a sentence reduction[.]" *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). Paredes-Machado must therefore "make a compelling case as to why the [Court's] § 3553(a) analysis would be different if conducted today." *Id.* Paredes-Machado has not made that showing. Indeed, in his thirty-page motion, he does not expressly analyze or apply even a single one of the Section 3553(a) factors.

Paredes-Machado does discuss in his motion three factors that could potentially be relevant under Section 3553(a) – (1) his contention that his actual conditions of confinement (including solitary confinement) were more severe than the parties and the Court anticipated at sentencing, (2) his claimed rehabilitation, and (3) a claimed lack of treatment for his current health conditions – but he has not persuaded the Court that those factors tip the Section 3553(a) balance in favor of release.

First, with respect to Paredes-Machado's health conditions, the Government has persuaded the Court that the care being provided for those conditions is not deficient. More specifically, the Government has shown, contrary to Paredes-Machado's suggestion, that his prostate cancer – which currently poses a low risk and does not require immediate intervention (*see* Decl. of Mark Feldman at ¶¶ 14-16, ECF No. 20-4, PageID.201) – is being regularly followed and evaluated on an ongoing basis. (*See* Resp., ECF No. 22, PageID.230-234.) The snapshot of the medical records currently before the Court appears to indicate that Paredes-Machado was attending follow-up appointments approximately every six months. (*See* 02/16/2023 Clinical Encounter, ECF No. 20-3, PageID.163, stating that Paredes-Machado's "low risk prostate cancer" was "being observed and followed by urologist every 6 months"; 08/18/2023 Clinical Encounter Administrative Note, ECF No. 20-3, PageID.160, same.) As for Paredes-Machado's claim that he suffers from various heart conditions, his own medical expert's declaration does not support his contention that he is receiving inadequate care. That expert attested that "[t]he available medical records do *not* show that medical personnel have not met [the] minimum standard of care." (Feldman Decl. at ¶ 11, ECF No. 20-4, PageID.201;

5

emphasis added.²)   Simply put, Paredes-Machado has not persuaded the Court that his medical conditions are not being adequately treated.

Second, while it does appear that Paredes-Machado may have achieved a measure of rehabilitation by enrolling in programming (and in other ways) while in custody, he has not persuaded the Court that the extent of that rehabilitation is so substantial as to meaningfully alter the Section 3553(a) balancing.

Finally, it does appear that Paredes-Machado has endured conditions of confinement that may have been more severe than the Court and the parties may have anticipated at sentencing.  That is Paredes-Machado's strongest argument that the Section 3553(a) balance now favors release.  Paredes-Machado plausibly argues that he has endured more punishment than the parties and the Court anticipated when, at sentencing, they evaluated the length of sentence needed to "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  But even if this one Section 3553(a) factor may now weigh in favor of releasing Paredes-Machado before he has served his entire sentence, the change in this single factor does not tip the overall balance of the Section 3553(a) factors in favor of release.  As the Government has

---

² It is possible that Dr. Feldman's statement quoted above is a typographical error and that Dr. Feldman meant to opine that Paredes-Machado's records do *not* reflect that he has received all necessary heart tests. (*See, e.g.*, Mot., ECF No. 20, PageID.102.)  But even if Dr. Feldman had said that, it would not change the Court's conclusion.  There is no evidence in the record that Paredes-Machado's medical providers within the Bureau of Prisons will not conduct the tests Dr. Feldman suggests (*see id.* at ¶ 10) upon request, nor that they lack the capacity to do so.

persuasively explained, Paredes-Machado's criminal conduct was very serious, and there is very strong need for the sentence imposed to have a deterrent effect on other large-scale drug traffickers. Moreover, the length of the originally imposed sentence is necessary to promote respect for the law and to account for the nature and circumstances of the offense. In the Court's opinion, these Section 3553(a) factors weigh strongly in favor of maintaining Paredes-Machado's original sentence and outweigh any basis for a reduction in that sentence based upon Paredes-Machado's unanticipated time in solitary confinement.

For all of these reasons, Paredes-Machado has failed to persuade the Court that granting him compassionate release would be consistent with the Section 3553(a) factors.

### III

For all of the reasons explained above, Paredes-Machado's motion for compassionate release is **DENIED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 22, 2025

7

8

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 22, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126
